Received and E-Filed for Rec
5/21/2019 4:32
Melisa Miller, District Cl
Montgomery County, Te:
Deputy Clerk, Robin Car:

NO. 19-05-07054

| | | |
|---|---|---|
| **KEVIN ENGEL** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | Montgomery County - DC - County Court at Law #2 |
| **v.** | § | |
| | § | \_\_\_\_\_**JUDICIAL DISTRICT** |
| **THE TRAVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY,** | § | |
| **DUSTY NICE, AND JASON TANG** | § | |
| | § | |
| *Defendants.* | § | **MONTGOMERY COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Kevin Engel files this Original

Petition and Initial Written Discovery Requests, complaining of the acts and omissions of

Defendants, The Travelers Home and Marine Insurance Company, Dusty Nice, and Jason Tang

and in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Kevin Engel ("Plaintiff") resides in Montogomery County, Texas.

3.      Defendant The Travelers Home and Marine Insurance Company ("Travelers") is,

according to the Texas Department of Insurance, a foreign insurance company conducting

the business of insurance in Texas that may be served with process through its Registered

Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701 -

3218.

---

*Plaintiff's Original Petition & Initial Discovery Requests*

**EXHIBIT**

**D**

4. Defendant Dusty Nice ("Nice") is an individual who assisted with adjusting and inspecting the claim at issue and according to the Texas Department of Insurance is licensed to conduct the business of insurance adjusting in the State of Texas. This Defendant may be served with process at 4650 Westway Park Boulevard, Suite 350, Houston, Texas 77041 or wherever he may be found.

5. Defendant Jason Tang ("Tang") is an individual who assisted with adjusting and inspecting the claim at issue and according to the Texas Department of Insurance is licensed to conduct the business of insurance adjusting in the State of Texas. This Defendant may be served with process at 4650 Westway Park Boulevard, Suite 350, Houston, Texas 77041 or wherever he may be found.

## III.
## JURISDICTION & VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

7. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $25,000.00 and $100,000.00.

8. Venue is proper in Montgomery County, Texas because the insured property is situated in Montgomery County, Texas and/or the contract was signed in Montgomery County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

*Plaintiff's Original Petition & Initial Discovery Requests*

## IV.
## FACTS

9.      Mr. Engel is a named insured under a property insurance policy (the "Policy") issued by Travelers.  The Policy insures, among other things, against losses from wind and hail damage to Mr. Engel's property, namely, the real property and improvements located at 15496 Crown Oaks Drive, Montgomery, Texas 77316 (the "Property").

10.     On or about April 13, 2018, during the policy period, hail and a windstorm caused the Property to sustain damage to the roof, exterior, interior water damage, and metal storage building.

11.     After the storm, Mr. Engel found water leaks on the game room ceiling. Mr. Engel contacted his roofer to inspect the roof.  Mr. Engel's roofer found the roof needed to be replaced due to wind and hail damage.

12.     Mr. Engel then contacted Travelers and made a claim for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

13.     Mr. Engel asked Travelers to honor its contractual obligations and cover the cost of repairs to Mr. Engel's home.

14.     Travelers assigned Nice and Tang to assist with adjusting the Claim and to inspect to the property for damages, investigate the Claim, and determine Mr. Engel's coverage and make payment under the policy. Nice was assigned to inspect the property, investigate the claim and prepare a damage estimate. Nice was improperly trained by Travelers and conducted a substandard investigation of Mr. Engel's claim, failed to thoroughly investigate and inspect all of Mr. Engel's losses, spent an inadequate amount of time on the investigation, and submitted a results-oriented estimate to Travelers.

15.     Even though Mr. Engel's roof measures just under 80 squares and the property includes a 2254 square foot metal other structure, Nice's inspection of the roof, interior and exterior of the Property on April 11, 2018, lasted no longer tha thirty (30) to forty (40) minutes. The inadequacy of Nice's inspection is evidenced by his failure to include all of Mr. Engel's damages in his report to Travelers.

16.     During the inspection, Mr. Engel attempted to point out damages to Nice. Nice, on his own behalf and on behalf of Travelers, ignored Mr. Engel's concerns at the time of the inspection and completed a results oriented, unreasonable inspection.

17.     Mr. Engel contacted Travelers on May 4, 2018, and left a voicemail for Tang requesting a reinspection with a different adjuster. On May 7, 2018, after investigating the claim, Tang denied a reinspection of the property.

18.     Together, Defendants, Travelers, Nice, and Tang set out to deny and/or underpay properly covered damages by performing a results-oriented investigation of Mr. Engel's claim, which resulted in a biased, unfair, and inequitable evaluation of Mr. Engel's losses on the Property.

19.     Defendant Travelers failed to properly train, oversee, and review the work of Nice and Tang, which resulted in an unfair settlement of Mr. Engel's claim.

20.     Defendant Travelers failed to perform its contractual obligation to adequately compensate the Mr. Engel under the terms of the Policy. All conditions precedent to recovery upon the Policy has been performed by Mr. Engel. Travelers' conduct constitutes a breach of the insurance contract between Travelers and Mr. Engel.

21.     Even though Mr. Engel's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Mr. Engel that the Policy did not provide coverage for the damage, thus falsely claiming Mr. Engel's home had not been damaged. Defendants' conduct

*Plaintiff's Original Petition & Initial Discovery Requests*

is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.     Defendants have had every opportunity to settle this claim with Mr. Engel in a fair and mutually beneficial manner for both parties and have not done so, although they were aware of their liability to Mr. Engel under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.     Defendants refused to adequately compensate Mr. Engel under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.     Defendants' failed to provide Mr. Engel with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25.     Defendant Travelers failed to accept Mr. Engel's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant Travelers has delayed payment of Mr. Engel's claim longer than allowed, and, to date, Mr. Engel has not received full payment for him claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     Since the time Mr. Engel's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Travelers has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Travelers duty of good faith and fair dealing.

*Plaintiff's Original Petition & Initial Discovery Requests*

28. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of the material information from Mr. Engel.

29. To date, Mr. Engel has yet to receive full payment for the damages to which he is entitled under the Policy. Mr. Engel has suffered damages as a result of Defendants' actions described above. The mishandling of Mr. Engel's claim also caused a delay in the his ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

### A. Breach of Contract (Travelers)

30. Travelers is liable to Mr. Engel for breach of contract. Travelers had a valid, enforceable contract of insurance with Mr. Engel, namely, the Policy. Travelers breached the terms of that contract by wrongfully denying and/or underpaying the Claim. Travelers's breach proximately caused Mr. Engel's damages. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied.

31. Defendant Travelers is therefore liable to Mr. Engel for breach of contract.

### B. Prompt Payment of Claims Statute (Travelers)

32. The Claim is a claim under an insurance policy with Defendant Travelers, of which Mr. Engel's gave Travelers proper notice, causing Travelers to be liable for the Claim.

33. Defendant Travelers violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

> a. Failing Failing to request from Mr. Engel all items, statements, and forms that it reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; and/or

      b. Delaying payment of the Claim following Travelers's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

33.    Defendant Travelers is therefore liable to Mr. Engel for damages. In addition to Mr. Engel's claim for damages, Mr. Engel is further entitled to 5% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Defendants)**

34.    Each of the foregoing paragraphs is incorporated by reference in the following.

35.    As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Travelers**

36.    Defendant Travelers engaged in unfair settlement practices by:

      a. Misrepresenting a material fact or policy provision relating to coverage at issue;

      b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

      c. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

      d. Failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights; and

      e. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

37.    Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Travelers and was a producing cause of Mr. Engel's damages. Travelers is therefore

liable to Mr. Engel for engaging in such unfair settlement practices and causing Mr. Engel's damages.

**Nice and Tang**

38.     Defendants Nice and Tang are insurance adjusters assigned to inspect, conduct a thorough and reasonable investigation of the Claim, including discovering covered damages and fully quantifying covered damages and adjust the Claim. Nice was charged with inspecting the Property and investigating the Claim. Nice and Tang were charged with reviewing the claim to make sure that proper claims handling procedures were followed, investigating Mr. Engel's damages, approving the estimate and coverage determination, and communicating with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

39.     Defendants Nice and Tang  were tasked with the responsibility of conducting a thorough and reasonable inspection and investigation of Mr. Engel's Claim, including the discovery of covered damages and fully quantifying covered damages to Mr. Engel's Property.

40.     Defendants Nice and Tang  conducted a substandard, results-oriented inspection and investigation of the damages to the Subject Property. As such, Nice and Tang  failed to discover covered damages and/or fully quantify covered damages to Mr. Engel's Property, as required by the Policy and Texas law.

41.     Further, Defendants Nice and Tang  misrepresented material facts to Mr. Engel, that is, the existence and the true value of Mr. Engel's covered losses. Additionally, Defendants

Nice and Tang failed to provide Mr. Engel with a reasonable explanation as to why Travelers was not compensating Mr. Engel for the covered losses, or the true value thereof.

42.  Thus, Defendants Nice and Tang engaged in unfair settlement practices by:

a.  Misrepresenting that the roof shingles were not damaged by wind and hail;

b.  Incorrectly documenting the damages;

c.  Failing to include all covered damages;

d.  Wrongfully denying a portion of the claim;

e.  Underpaying the claim;

f.  Delaying payment of the claim; and

g.  Failing to include overhead and profit in the estimate.

43.  Each of the aforementioned unfair settlement practices was committed knowingly by Defendants Nice and Tang and was a producing cause of Mr. Engel's damages. Nice and Tang are therefore liable to Mr. Engel for engaging in such unfair settlement practices and causing Mr. Engel's damages.

**D.   DTPA (Travelers)**

44.  Each of the foregoing paragraphs is incorporated by reference here fully.

45.  At all material times herein, Mr. Engel was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

46.  Defendant Travelers has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

a.  Misrepresenting a material fact or policy provision relating to coverage at issue;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c. Failing to promptly provide a reasonable explanation of the Travelers in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d. Failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights; and

    e. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

47.    As a result of Defendant Travelers's violations of the DTPA, Mr. Engel suffered actual damages, and such violations were a producing, actual, and proximate cause of Mr. Engel's damages. Therefore, Defendant Travelers is liable to Mr. Engel for violations of the DTPA.

48.    Further, Defendant Travelers knowingly and/or intentionally committed the acts complained of herein. As such, Mr. Engel is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.    Breach of Duty of Good Faith and Fair Dealing (Travelers)**

49.    Defendant Travelers breached the common law duty of good faith and fair dealing owed to Mr. Engel by denying or delaying payment on the Claim when Travelers knew or should have known liability was reasonably clear. Travelers's conduct proximately caused Mr. Engel's damages.

50.    Defendant Travelers is therefore liable to Mr. Engel.

**F.    Attorneys' Fees**

51.    Mr. Engel engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

*Plaintiff's Original Petition & Initial Discovery Requests*

52.     Mr. Engel is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Mr. Engel is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

53.     Mr. Engel is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

54.     Mr. Engel is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

55.     All conditions precedent to Mr. Engel's right to recover have been fully performed or have been waived by Defendants.

## VII.
## JURY TRIAL DEMAND

56.     Mr. Engel demands a jury trial of this cause and has or will tender the appropriate jury fee.

## VIII.
## DISCOVERY REQUESTS

57.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

58.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance with the instructions contained therein.

## IX.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

*Plaintiff's Original Petition & Initial Discovery Requests*

59.     Pursuant to Texas Rule of Civil Procedure 193.7, Mr. Engel hereby gives notice of his intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Mr. Engel's written discovery requests.

## X.
## CONCLUSION & PRAYER

60.     For these reasons, Mr. Engel prays that citations be issued, and, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Mr. Engel be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Engel may show himself to be justly entitled.

Respectfully submitted,

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
**Colton R. Shufelt**
Texas State Bar No. 24103934
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492
**ATTORNEYS FOR MR. ENGEL**

*Plaintiff's Original Petition & Initial Discovery Requests*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO
## THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

PLAINTIFF in this case requests that Defendant THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and its agents answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Colton R. Shufelt
Texas State Bar No. 24103934
cshufelt@fittslaw.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.


                      _____

                       Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:

    a. Identify the title of the document, and its general subject matter;
    b. State the date of the document;
    c. Identify the persons who participated in its preparation;
    d. Identify the persons for whom it was prepared or to whom it was sent;
    e. State the nature of the privilege claims; and
    f. State in detail each and every fact upon which you base your claims for privilege.

4. "Agent" means any employee, agent, representative, adjuster, engineer or other person who handles any part of the claim on behalf of the insurer.

5. "Claim" means any claim filed or attempted to be filed under *Claim No. H6Q2471* and any other related claim or claims filed by Plaintiff for this property.

6. "Defendant" or "Defendants" means *THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG* as individuals and as a collective group.

7. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by,

recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

8. "Lawsuit" means *KEVIN ENGEL V. THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG.*

9. "Plaintiff and "Plaintiff's" refers to a single Plaintiff or multiple Plaintiffs, if applicable.

10. "Policy" means *Homeowners' Policy Number Policy No. 0DGN52-994629914-633-1.*

11. "Property" means the dwelling, other structures and personal property located at *15496 CROWN OAKS DRIVE, MONTGOMERY, TEXAS 77316* at the time of the event.

12. "Written Communication" means the conveyance of information by writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

13. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

14. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state

    a. His/her full name;
    b. Present or last known residence address;
    c. Present or last known business address; and,
    d. Present residence and/or business telephone number.

15. If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is, in fact, one question and waive any objection based upon a limit of interrogatories.

16. "Virtual" means aerial imagery, drone imagery, 3-D imagery, thermal imagery, robot, or other unmanned devices.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.**
State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2.**
List the date(s) Defendant, and its agents requested that Plaintiff provide any of the named Defendants or its agents in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**RESPONSE:**

**INTERROGATORY NO. 3.**
Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim? If so, please state what information was requested and not provided, and the dates of the requests.

**RESPONSE:**

**INTERROGATORY NO. 4.**
State the basis, in fact, and in terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**RESPONSE:**

**INTERROGATORY NO. 5.**
State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any Defendant and its agents, please so indicate and provide the person's last known address and telephone number.

**RESPONSE:**

**INTERROGATORY NO. 6.**
For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**RESPONSE:**

**INTERROGATORY NO. 7.**
State the legal theories and describe the factual bases for your contention that Defendant, its agents or third parties fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**RESPONSE:**

**INTERROGATORY NO. 8.**
Identify every other insurance claim filed with Defendant or its agents for property damage within a radius of (5) five of the property address at issue in this case, and stemming from the same storm, which claims was denied in part or whole. State the name, phone number, and address of the insured.

**RESPONSE:**

**INTERROGATORY NO. 9.**
Please explain your policy, practice, and procedure of inspecting properties prior to insuring such properties. Please include in your explanation the reasoning behind conducting such inspections.

**RESPONSE:**

**INTERROGATORY NO. 10.**
How is the performance of the adjusters involved in handling the Plaintiff's claim evaluated? State the following: a. what performance measures are used b. describe your bonus or incentive plan for adjusters.

**RESPONSE:**

**INTERROGATORY NO. 11.**
Please state whether the Defendant or its agents took or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located, and/or the last place Defendant and its agents saw a transcription of same.

**RESPONSE:**

**INTERROGATORY NO. 12.**
Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**RESPONSE:**

**INTERROGATORY NO. 13**.
State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**RESPONSE:**

**INTERROGATORY NO. 14**.
State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**RESPONSE:**

**INTERROGATORY NO. 15**.
If you received complaints from an insurance agent concerning the handling of this claim and/or any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number and the nature of the complaint.

**INTERROGATORY NO. 16**.
Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**RESPONSE:**

**INTERROGATORY NO. 17**.
For each investigation by a Texas governmental agency within the last four years into Defendant and its agents' practices when handling first-party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant and its agents communicated for purposes of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 18.**
As to any inspection of the property completed prior to issuing the policy, please identify the purpose, the inspector, the date of the inspection and the results of the inspection.

**RESPONSE:**

**INTERROGATORY NO. 19**.
If you or any of your representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the person involved in each step.

**RESPONSE:**

**INTERROGATORY NO. 20**.
Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third-party adjusters to use in connection with handling property and casualty claims arising out of hail and windstorms occurring within one year before and after the date of the loss of this claim.

**RESPONSE:**

**INTERROGATORY NO. 21**.
Did any Defendant or Defendant's representative complete a virtual inspection of the property?  If so, identify the method used to inspection, the person who conducted the inspection, the date it was completed and the reason for the inspection.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1
A certified copy of the insurance policy issued by Defendant to Plaintiff.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3.
The claim files from the home, regional, local offices, and third-party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4.
The electronic diary, including the electronic and paper notes made by Defendant and its agents' claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claims.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5.
All procedure or policy manuals or operations guides (including document(s) maintained in electronic form) meant to instruct claims adjusters, claims handlers, or vendors in handling claims for coverage for property damage, water damage, roof, hail and/or wind damage in Texas from the date of the loss at issue in this claim, and one year, and forward one year.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6.
All training and educational materials which instruct claims adjusters, claims handlers or vendors in handling claims for property damage, water damage, roof, hail and/or wind damage under property insurance policies in Texas.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7.**
Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether property damage, water damage, roof, hail and/or wind damage claims are covered or excluded by any policy provisions in Texas in effect from the date of loss at issue in this case, and back one and forward one year that Defendant contends applied to Plaintiff's claim. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**
The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**
Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.**
If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property for the date of loss associated with Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.**
If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession, including produce any reports concerning wind and hail radius.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.**
Any roofing repair reports prepared concerning the Insured Location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.**
The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.**
The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.**
The videotapes, photographs, and records of Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.**
Defendant's internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas windstorm and hail claims that were issued from one year prior to the date of loss at issue to one year after the date, including, but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.**
The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.**
The Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.**
The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**RESPONSE:**

**REQUEST OF PRODUCTION NO. 20.**
The documents, manuals, and training materials, including audio and/or videotapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.**
The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third-party payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.**
The billing statements, including billing detail, of the independent adjusters and engineers, retained to evaluate the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.**
The documents reflecting reserves applied to the subject claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.**
For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.**
he managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.**
The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.**
The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm and hail claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.**
If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29.**
The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30.**
Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers, and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31.**
The contract between the Defendant insurer and the Defendant, any third-party adjusting company, and/or any third-party claims management company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32.**
The correspondence pertaining to the Claim at issue in this lawsuit between the Defendant insurer and the third-party adjusters/adjusting/claims management firms, engineers and other estimators, including but not limited to Travelers, who worked on the claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33.**
Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34.**
Any and all documents reflecting inspections completed by or on behalf of Defendant and its agents prior to binding the insurance policy at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35.**
Any investigative report not included in the claim file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36.**
If you contend that Plaintiff has filed prior claims that are related to the claim at issue in this suit, provide the claim files associated with those prior claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37.**
Any and all organizational charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38.**
Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39.**
Any and all training manuals used by third-party vendors, independent adjusting firms, and/or claims management entities to train their adjusters on handling property damage claims for Defendants. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40.**
Any and all transcripts, audio recordings, or video recordings of Plaintiff's initial report of the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41.**
Any and all transcripts, audio recording, or video recordings of recorded statements taken by Defendant or Defendant's agents related to the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42.**
Defendant Travelers' internal newsletter, bulletins, publications, memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43.**
Any and all records of communications, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 44.**
The photos, videos, and records of virtual inspections conducted at the subject property by any Defendant or Defendant's representative in all available formats.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 45.**
The Remote Pilot Certificate for any Defendant or Defendant's representative that used a drone to conduct an inspection of the subject property.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUESTS FOR PRODUCTION TO
## DEFENDANTS DUSTY NICE AND JASON TANG

PLAINTIFF in this case requests that Defendants ***Dusty Nice and Jason Tang*** answer the following Interrogatories and Requests for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1)   You know the response made was incorrect or incomplete when made; or
2)   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Colton R. Shufelt
Texas State Bar No. 24103934
cshufelt@fittslaw.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

_____
Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:

    a. Identify the title of the document, and its general subject matter;
    b. State the date of the document;
    c. Identify the persons who participated in its preparation;
    d. Identify the persons for whom it was prepared or to whom it was sent;
    e. State the nature of the privilege claims; and
    f. State in detail each and every fact upon which you base your claims for privilege.

4. "Agent" means any employee, agent, representative, adjuster, engineer or other person who handles any part of the claim on behalf of the insurer.

5. "Claim" means any claim filed or attempted to be filed under *Claim No. H6Q2471* and any other related claim or claims filed by Plaintiff for this property.

**6.** "Defendant" or "Defendants" means *THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG* as individuals and as a collective group.

7. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by,

recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

8. "Lawsuit" means *KEVIN ENGEL V. THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG.*

9. "Plaintiff and "Plaintiff's" refers to a single Plaintiff or multiple Plaintiffs, if applicable.

10. "Policy" means *Homeowners' Policy Number Policy No. 0DGN52-994629914-633-1.*

11. "Property" means the dwelling, other structures and personal property located at *15496 CROWN OAKS DRIVE, MONTGOMERY, TEXAS 77316* at the time of the event.

12. "Written Communication" means the conveyance of information by writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

13. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

14. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state

    a.  His/her full name;
    b.  Present or last known residence address;
    c.  Present or last known business address; and,
    d.  Present residence and/or business telephone number.

15. If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is, in fact, one question and waive any objection based upon a limit of interrogatories.

16. "Virtual" means aerial imagery, drone imagery, 3-D imagery, thermal imagery, robot, or other unmanned devices.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**.
State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2**.
List the date(s) Defendant(s) requested that Plaintiff provided any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**RESPONSE:**

**INTERROGATORY NO. 3**.
State the basis, in fact, and in the terms of the policy, for Defendant's denial or partial denial, of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**RESPONSE:**

**INTERROGATORY NO. 4**.
State the basis, in fact and in the terms of the policy, for Defendant's failure to pay Plaintiff's full claim of damages or any portion of Plaintiff's claimed damages for coverage for wind and hail damage to the Subject Property, as well as state whether Defendant recommended payment on Plaintiff's claim(s), and if so, in what amount(s).

**RESPONSE:**

**INTERROGATORY NO. 5**.
State the name, address, telephone number and job title or position of all persons and/or entities Defendant retained or solicited an opinion from in the investigation of Plaintiff's claims(s).

**RESPONSE:**

**INTERROGATORY NO. 6**.
Provide Defendant's employment history, including job titles, in the field of insurance and/or home construction, including the date on which Defendant became licensed as an adjuster in the State of Texas and any other states in which you hold licenses.

**RESPONSE:**

**INTERROGATORY NO. 7**.
List any and all courses, seminars, education, training or other experiences you have attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance

Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**RESPONSE:**

**INTERROGATORY NO. 8**.
State the legal theories and describe the factual bases for your contention that you fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**RESPONSE:**

**INTERROGATORY NO. 9**.
Identify every other insurance claim adjusted or investigated by you, stemming from the same storm at issue in this case and made for hail and/or wind property damage with Defendant The Travelers Home and Marine Insurance Company in the same city/town as the house at issue in this case, and which claim was denied in part or whole. State the name, phone number, and address of the insured.

**RESPONSE:**

**INTERROGATORY NO. 10**.
State the cause number, style, and court for each lawsuit filed against you in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055 et seq. formerly known as Article 21.55, in the handling of first-party claims for property damage coverage under homeowner insurance policies.

**RESPONSE:**

**INTERROGATORY NO. 11**.
List any and all courses, seminars, education, training or reference materials you attended or received specific to handling and investigation of property, water, wind and/or hail related policy claims and/or damages and the name of the entity from which it was acquired. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**RESPONSE:**

**INTERROGATORY NO. 12**.
State the name, address, and telephone number of each policyholder who gave you or any other Defendant written notice, within the last five years, of a complaint about your handling of first-party claims for property damage coverage under homeowner insurance policies in Texas, including complaints made to the Texas Department of Insurance.

**RESPONSE:**

**INTERROGATORY NO. 13.**
State whether you requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made, such as to a supervisor, engineer, roofer or any other person(s), including the name, address and telephone number of each individual or entity.

**RESPONSE:**

**INTERROGATORY NO. 14.**
State the name, address, and telephone number of the office which the Defendant worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor while handling Plaintiff's claim(s).

**RESPONSE:**

**INTERROGATORY NO. 15.**
If in the (5) five years preceding that date of loss at issue in this case, Defendant was disciplined or received a negative performance evaluation during his/her course of employment, describe the cause and/or nature of such discipline or evaluation, the date that it occurred.

**RESPONSE:**

**INTERROGATORY NO. 16.**
If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the loss at issue in this case. Identify the person(s) involved in each step.

**RESPONSE:**

**INTERROGATORY NO. 17.**
From the date the claim at issue, in this case, was opened to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for property, water, wind and/or hail insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; Inspection Notes, diagrams, reserves sheet; electronic claims diary; a claims review report; pricing report)?

**RESPONSE:**

**INTERROGATORY NO. 18.**
Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**RESPONSE:**

**INTERROGATORY NO. 18.**

Did any Defendant or Defendant's representative complete a virtual inspection of the property?  If so, identify the method used to inspection, the person who conducted the inspection, the date it was completed and the reason for the inspection.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**
The claim files, whether in paper or electronic format, from the home, regional, local offices, and third-party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.**
The electronic diary, including the electronic and paper notes made by you relating to the Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.**
Any investigative report not included in the claims file, including the field notes, handwritten notes, measurements and file maintained by you relating to and/or relied upon in the adjustment the Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.**
The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.**
Any and all materials received from any and all courses, seminars, education, training or other experiences you have attended, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.*

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.**
Any and all records of Continuing Education courses that you have attended in person and/or participated in online, during the (5) five years preceding the date of loss for the claim at issue in this suit.

**RESPONSE:**

---

**REQUEST FOR PRODUCTION NO. 7.**
Any and all materials that you have received which include policies and/or procedures which relate to the handling of property, water, wind and/or hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party State Farm Lloyds that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**
All materials meant to instruct and guide you under Texas law and/or company policy with regard to unfair claim settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims or avoiding charges of bad faith. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**
Any and all records of communications, including electronic, between Defendant and Plaintiff's regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.**
Any and all written records of communications, including electronic, between Defendant and any third-party regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.**
Any and all written records of communications, including electronic, between Defendant and any other Defendant regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.**
All documents related to your job evaluations, disciplinary actions, achievements, awards, and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.**
All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's or the Property made the basis of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.**
All preferred vendor lists referred to or utilized by you to hire any third party or other Defendant to assist with the investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.**
The videotapes, photographs, and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.**
Defendant The Travelers Home and Marine Insurance Company internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.**
The file maintained by you at your home, office, or in your vehicle relating to Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.**
The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.**
The photos, videos, and records of virtual inspections conducted at the subject property by any Defendant or Defendant's representative in all available formats

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.**
The Remote Pilot Certificate for any Defendant or Defendant's representative that used a drone to conduct an inspection of the subject property.

**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO
## THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

PLAINTIFF in this case requests that Defendant **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY** and its agents answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1)   You know the response made was incorrect or incomplete when made; or
2)   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Colton R. Shufelt
Texas State Bar No. 24103934
cshufelt@fittslaw.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

_____
Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:

    a. Identify the title of the document, and its general subject matter;
    b. State the date of the document;
    c. Identify the persons who participated in its preparation;
    d. Identify the persons for whom it was prepared or to whom it was sent;
    e. State the nature of the privilege claims; and
    f. State in detail each and every fact upon which you base your claims for privilege.

4. "Agent" means any employee, agent, representative, adjuster, engineer or other person who handles any part of the claim on behalf of the insurer.

5. "Claim" means any claim filed or attempted to be filed under *Claim No. H6Q2471*and any other related claim or claims filed by Plaintiff for this property.

6. "Defendant" or "Defendants" means *THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG* as individuals and as a collective group.

7. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by,

recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

8. "Lawsuit" means *KEVIN ENGEL V. THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, DUSTY NICE, AND JASON TANG.*

9. "Plaintiff and "Plaintiff's" refers to a single Plaintiff or multiple Plaintiffs, if applicable.

10. "Policy" means *Homeowners' Policy Number Policy No. 0DGN52-994629914-633-1.*

11. "Property" means the dwelling, other structures and personal property located at *15496 CROWN OAKS DRIVE, MONTGOMERY, TEXAS 77316* at the time of the event.

12. "Written Communication" means the conveyance of information by writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

13. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

14. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state

    a. His/her full name;
    b. Present or last known residence address;
    c. Present or last known business address; and,
    d. Present residence and/or business telephone number.

15. If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is, in fact, one question and waive any objection based upon a limit of interrogatories.

16. "Virtual" means aerial imagery, drone imagery, 3-D imagery, thermal imagery, robot, or other unmanned devices.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**.
State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2**.
List the date(s) Defendant, and its agents requested that Plaintiff provide any of the named Defendants or its agents in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**RESPONSE:**

**INTERROGATORY NO. 3**.
Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim? If so, please state what information was requested and not provided, and the dates of the requests.

**RESPONSE:**

**INTERROGATORY NO. 4**.
State the basis, in fact, and in terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**RESPONSE:**

**INTERROGATORY NO. 5**.
State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any Defendant and its agents, please so indicate and provide the person's last known address and telephone number.

**RESPONSE:**

**INTERROGATORY NO. 6**.
For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq*., and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq*. Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**RESPONSE:**

**INTERROGATORY NO. 7.**
State the legal theories and describe the factual bases for your contention that Defendant, its agents or third parties fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**RESPONSE:**

**INTERROGATORY NO. 8.**
Identify every other insurance claim filed with Defendant or its agents for property damage within a radius of (5) five of the property address at issue in this case, and stemming from the same storm, which claims was denied in part or whole. State the name, phone number, and address of the insured.

**RESPONSE:**

**INTERROGATORY NO. 9.**
Please explain your policy, practice, and procedure of inspecting properties prior to insuring such properties. Please include in your explanation the reasoning behind conducting such inspections.

**RESPONSE:**

**INTERROGATORY NO. 10.**
How is the performance of the adjusters involved in handling the Plaintiff's claim evaluated? State the following: a. what performance measures are used b. describe your bonus or incentive plan for adjusters.

**RESPONSE:**

**INTERROGATORY NO. 11.**
Please state whether the Defendant or its agents took or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located, and/or the last place Defendant and its agents saw a transcription of same.

**RESPONSE:**

**INTERROGATORY NO. 12.**
Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**RESPONSE:**

**INTERROGATORY NO. 13**.
State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**RESPONSE:**

**INTERROGATORY NO. 14**.
State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**RESPONSE:**

**INTERROGATORY NO. 15**.
If you received complaints from an insurance agent concerning the handling of this claim and/or any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number and the nature of the complaint.

**INTERROGATORY NO. 16**.
Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**RESPONSE:**

**INTERROGATORY NO. 17**.
For each investigation by a Texas governmental agency within the last four years into Defendant and its agents' practices when handling first-party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant and its agents communicated for purposes of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 18.**
As to any inspection of the property completed prior to issuing the policy, please identify the purpose, the inspector, the date of the inspection and the results of the inspection.

**RESPONSE:**

**INTERROGATORY NO. 19**.
If you or any of your representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss.  Identify the person involved in each step.

**RESPONSE:**

**INTERROGATORY NO. 20**.

Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third-party adjusters to use in connection with handling property and casualty claims arising out of hail and windstorms occurring within one year before and after the date of the loss of this claim.

**RESPONSE:**

**INTERROGATORY NO. 21**.

Did any Defendant or Defendant's representative complete a virtual inspection of the property?  If so, identify the method used to inspection, the person who conducted the inspection, the date it was completed and the reason for the inspection.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

A certified copy of the insurance policy issued by Defendant to Plaintiff.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2

The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3.

The claim files from the home, regional, local offices, and third-party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4.

The electronic diary, including the electronic and paper notes made by Defendant and its agents' claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiff's claims.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5.

All procedure or policy manuals or operations guides (including document(s) maintained in electronic form) meant to instruct claims adjusters, claims handlers, or vendors in handling claims for coverage for property damage, water damage, roof, hail and/or wind damage in Texas from the date of the loss at issue in this claim, and one year, and forward one year.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6.

All training and educational materials which instruct claims adjusters, claims handlers or vendors in handling claims for property damage, water damage, roof, hail and/or wind damage under property insurance policies in Texas.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7.**
Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether property damage, water damage, roof, hail and/or wind damage claims are covered or excluded by any policy provisions in Texas in effect from the date of loss at issue in this case, and back one and forward one year that Defendant contends applied to Plaintiff's claim. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**
The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**
Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.**
If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property for the date of loss associated with Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.**
If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession, including produce any reports concerning wind and hail radius.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.**
Any roofing repair reports prepared concerning the Insured Location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.**
The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.**
The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.**
The videotapes, photographs, and records of Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.**
Defendant's internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas windstorm and hail claims that were issued from one year prior to the date of loss at issue to one year after the date, including, but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.**
The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.**
The Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.**
The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**RESPONSE:**

**REQUEST OF PRODUCTION NO. 20.**
The documents, manuals, and training materials, including audio and/or videotapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.**
The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third-party payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.**
The billing statements, including billing detail, of the independent adjusters and engineers, retained to evaluate the subject property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.**
The documents reflecting reserves applied to the subject claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.**
For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.**
he managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.**
The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.**
The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm and hail claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.**
If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29.**
The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30.**
Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers, and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31.**
The contract between the Defendant insurer and the Defendant, any third-party adjusting company, and/or any third-party claims management company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32.**
The correspondence pertaining to the Claim at issue in this lawsuit between the Defendant insurer and the third-party adjusters/adjusting/claims management firms, engineers and other estimators, including but not limited to Travelers, who worked on the claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33.**
Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34.**
Any and all documents reflecting inspections completed by or on behalf of Defendant and its agents prior to binding the insurance policy at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35.**
Any investigative report not included in the claim file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36.**
If you contend that Plaintiff has filed prior claims that are related to the claim at issue in this suit, provide the claim files associated with those prior claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**.
Any and all organizational charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**.
Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**.
Any and all training manuals used by third-party vendors, independent adjusting firms, and/or claims management entities to train their adjusters on handling property damage claims for Defendants. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**.
Any and all transcripts, audio recordings, or video recordings of Plaintiff's initial report of the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**.
Any and all transcripts, audio recording, or video recordings of recorded statements taken by Defendant or Defendant's agents related to the claim at issue in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42.**

Defendant Travelers' internal newsletter, bulletins, publications, memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43.**

Any and all records of communications, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 44.**

The photos, videos, and records of virtual inspections conducted at the subject property by any Defendant or Defendant's representative in all available formats.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 45.**

The Remote Pilot Certificate for any Defendant or Defendant's representative that used a drone to conduct an inspection of the subject property.

**RESPONSE:**